IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CR-30088-MJR |
| | ) |
| CHRISTOPHER JAMES TUCKER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

A federal grand jury on July 22, 2009 indicted Defendant Christopher Tucker—a person allegedly required to register as a sex offender under § 113 of the Sex Offender Registration and Notificaiton Act (SORNA), **42 U.S.C. § 16913 (2006)**—with traveling in interstate commerce and knowingly failing to update his registration, *see* **18 U.S.C § 2250 (2006)**. Tucker now moves to dismiss the indictment, arguing that Congress lacked the power to enact SORNA. (Doc. 18.) Because the Court holds, consistent with the weight of authority from other federal courts, that SORNA is a valid Congressional enactment, the Court will deny his motion.

SORNA is a comprehensive national system for the registration and tracking of sex offenders. *See, e.g.*, **SORNA § 111(1)–(4), 42 U.S.C § 16911(1)–(4) (defining sex offender under the act);** *id.* **§§ 111(10), 112, 42 U.S.C. §§ 16911(10), 16912 (requiring states, D.C., and federal territories to maintain sex offender registries);** *id.* **§ 114, 42 U.S.C. § 16914 (listing the information to be kept in the registries);** *id.* **§ 118, 42 U.S.C. § 16918 (granting the public access to information in the registries);** *id.* **§ 125, 42 U.S.C. § 16925 (reducing the federal**

**appropriations to nonconforming jurisdictions by 10%).** Section 113 outlines the requirements for those who count as sex offenders under the act. A sex offender must register and keep current any registration "in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." *Id.* **§ 113(a), 42 U.S.C. § 16913(a).** Offenders have a three-day grace period to update their changes in name, residence, employment, or student status. *Id.* **§ 113(c).**

Federal enforcement of SORNA comes into play under 18 U.S.C. § 2250, also enacted under SORNA. **Pub. L. No. 109-248, § 141(a), 120 Stat. 590, 602 (2006).** If a person who is required to register under § 113 knowingly fails to register or update a registration under SORNA, then the statute applies depending on further circumstances. *See* **18 U.S.C. § 2250(a)(1),(3).** If the person is a sex offender because of a conviction based on federal, D.C., tribal, or territorial law, then the statute automatically applies. *See id.* **§ 2250(a)(2)(A).** If the person is otherwise a sex offender, then the statute applies only if the person travels in interstate commerce or enters, leaves, or resides in Indian country. *See id.* **§ 2250(a)(2)(B).** The interstate provisions of 18 U.S.C. § 2250 are aimed at a particular evil: "convicted sex offenders registered in one state might move to another state, fail to register there, and thus leave the public unprotected." *United States v. Dixon*, **551 F.3d 578, 582 (7th Cir. 2009) (citing H.R. Rep. No. 109-218, pt. 1, at 23–24, 26 (2005)),** *petition for cert. filed*, **77 U.S.L.W. 3610 (U.S. Apr. 22, 2009) (No. 08-1301).**

In opposing Tucker's motion, the United States initially asks the Court to decide this motion using only the Interstate Commerce Clause, **U.S. Const. art. I, § 8, cl. 3**. It argues that *United States v. Dixon*, **551 F.3d 578**, forecloses any challenge of the constitutionality of SORNA and § 2250. The problem with relying solely on *Dixon* is not the brevity with which the Seventh Circuit handles the Commerce Clause challenge to § 2250, *see id.* **at 583 ("Most of [Dixon's**

**Constitutional arguments] have no merit, such as his contention . . . that the movement of a person as distinct from a thing across state lines is not 'commerce' within the meaning of the Constitution's commerce clause. Dixon's lawyer must in the heat of argument have forgotten the Mann Act." (citing 18 U.S.C. § 2421))**; the short discussion alludes to a basic concept within Commerce Clause jurisprudence that even Tucker himself adopts. The problem with relying on *Dixon* is that it is not on point for Tucker's motion. Tucker challenges Congress' authority to enact § 113 of SORNA, a challenge that the appellant in *Dixon* did not raise and the court did not discuss. The Court cannot rely solely on *Dixon* to adequately address Tucker's challenge.

Tucker, for his part, relies on *United States v. Hall*, **577 F. Supp. 2d 610 (N.D.N.Y. 2008) (Hurd, J.)**, as authority for SORNA's unconstitutionality, but this authority has problems that go beyond its non-binding status. The court deciding *Hall* has not consistently taken the same approach as *Hall*. **E.g.**, **United States v. Barner, No. 1:09-CR-005 (NAM), 2009 WL 819385 (N.D.N.Y. Mar. 27, 2009) (Mordue, C.J.);** *United States v. Romeo*, **No. 5:08-CR-0694-GTS-1, 2009 WL 140422 (N.D.N.Y. Jan. 20, 2009) (Suddaby, J.);** *United States v. Van Buren*, **No. 3:08-CR-198, 2008 WL 3414012 (N.D.N.Y. Aug. 8, 2008) (McAvoy, J.);** *United States v. Fuller*, **No. 5:07-CR-462 (FJS), 2008 WL 5600709 (N.D.N.Y. Mar. 27, 2008) (Scullin, J.).** In fact the *Barner* court was critical of *Hall*. **Barner, 2009 WL 819385, at \*7.** The *Barner* court surveyed the court's approach in the other decisions, namely treating 18 U.S.C. § 2250 and SORNA "as interrelated components" that "must be read together, not in isolation." *Id.* **(citing *Romeo*, 2009 WL 5600709, at \*5; *Van Buren*, 2008 WL 3414012, at \*12; *Fuller*, 2008 WL 5600709, at \*5).** That argument makes sense considering that SORNA added § 2250 to title 18. **SORNA § 141(a), 120 Stat. at 602.** The decisions using the "interrelated components" approach hold the joint 2250–SORNA to be a

3

valid regulation of either the use of the channels of commerce or a regulation of the instrumentalities of commerce. *Barner*, 2009 WL 819385, at *7 (citing *Romeo*, 2009 WL 5600709, at *5; *Van Buren*, 2008 WL 3414012, at *12; *Fuller*, 2008 WL 5600709, at *5); *accord United States v. Dean*, 606 F. Supp. 2d 1340, 1356 (M.D. Ala. 2009); *see also United States v. Lopez*, 514 U.S. 549, 558–59 (1995) (outlining the "three broad categories of activity that Congress may regulate under its commerce power": (1) "the use of the channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce" even in purely intrastate activity; and (3) "activities having a substantial relation to interstate commerce" (citations omitted)). After surveying the joint approach, the *Barner* court opted not to use it and instead treated § 2250 and SORNA as separate provisions. *Barner*, 2009 WL 819385, at *8. Despite the different approach, it still held SORNA to be valid under the Necessary and Proper Clause. *Id.* at *9–11 (citing *United States v. Pendleton*, No. 08-59-GMS, 2009 WL 320546, at *7 (D. Del. 2009); *United States v. Harderman*, No. CR 08-0847 WHA, 2009 WL 188035, at *6 (N.D. Cal. 2009)).

One of the decisions on which the *Barner* court relied in its final analysis was *United States v. Howell*, 552 F.3d 709 (8th Cir. 2009). The *Howell* court was also critical of *Hall* due to the failure to analyze SORNA under the Necessary and Proper Clause. *Id.* at 713 n.3; *see also id.* at 714 ("Congress also has the ability '[t]o make all Laws which shall be necessary and proper" for the accomplishment of its commerce clause power." (quoting U.S. Const. art. I, § 8, cl. 18)). The court next discussed Congress' purpose in enacting SORNA, *id.* at 716–17, concluding that "SORNA was intended to regulate the interstate movement of sex offenders," *id.* at 717. With this purpose in mind, the court held SORNA to be a valid Congressional enactment as "a necessary part

of a more general regulation of interstate commerce." *Id.* **(quoting *Gonzales v. Raich*, 545 U.S. 1, 37 (2005) (Scalia, J., concurring)).** *Howell*'s reasoning has been favorably adopted in other decisions by the Courts of Appeals. ***E.g.*, *United States v. George*, No. 08-30339, 2009 WL 2591677, at \*3 (9th Cir. Aug. 25, 2009) (quoting *Howell*, 552 F.3d at 716); *United States v. Ambert*, 561 F.3d 1202, 1211–12 (11th Cir. 2009) (citing *Howell*, 552 F.3d 709).**

The Court also finds the analysis of the *Howell* court persuasive and holds that § 113 of SORNA is a valid exercise of Congress' power under the Interstate Commerce Clause and the Necessary and Proper Clause. Because § 113 of SORNA is valid and because Tucker does not contest the remaining parts of 18 U.S.C. § 2250, the Court **DENIES** Tucker's motion to dismiss the indictment.

IT IS SO ORDERED.

DATED this 23rd day of September, 2009.

s/Michael J. Reagan
Michael J. Reagan
United States District Judge

5